**In re the Marriage of Lawrence K. ALM, petitioner, Appellant,**

v.

**Mary Alice C. ALM, Respondent.**

**No. C0–86–318.**

Court of Appeals of Minnesota.

July 22, 1986.

Laurel E. Learmonth, Primus Law Office, Minneapolis, for appellant.

Barry L. Blomquist, Blomquist & Dewan, North Branch, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and FOLEY and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from an amended judgment and decree, implementing an order modifying child support. Following a referee's order for an increase in support, but deviating in an amount from the guidelines, the trial court ordered support at the guidelines amount. We reverse and remand.

## FACTS

Appellant Lawrence and respondent Mary Alm's marriage was dissolved by judgment and decree dated October 14, 1977. All five of their children were then minors, and Lawrence was ordered to pay $100 per month child support for each child.

In September, 1985, Mary brought a motion to increase support to the statutory guidelines amount. She submitted an affidavit showing net monthly income and living expenses. Lawrence submitted an affidavit showing his current net monthly income and monthly expenses.

Appellant claimed that he had overpaid both current support and arrearages, and sought an offset for those amounts against future support. He also claimed that he had incurred considerable debt, in partial reliance on the amount of his support obligation. He contended he would be faced with a considerable monthly deficit if required to pay the guidelines amount. He submitted some documentation and explanations of his private debt. *See* Minn.Stat. § 518.551, subd. 5(b) (1984).

The referee found a substantial change in circumstances since the 1977 decree justifying an increase in support, and, based on appellant's private debt, deviated from the guidelines by ordering step increases in support over an 18–month period.

On review, the trial court agreed that a substantial change of circumstances had been shown, but found that the referee improperly considered appellant's indebtedness, and ordered support in the guidelines amount.

## ISSUE

Did the trial court err in ordering an increase in support without making findings on the statutory factors?

## ANALYSIS

The trial court's only findings were as to appellant's net monthly income, the number of minor children, and the applicability of the guidelines. The court did not incorporate those findings of the referee which might have supported the guidelines amount.

■ The supreme court in *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986), has required explicit findings in all non-public assistance cases:

> We therefore require that in all child support cases not involving public assistance, the trial court must make specific findings of fact as to the factors it considered in formulating the award. *This rule applies regardless of whether the award deviates from the child support guidelines in Minn.Stat. § 518.551, subd. 5.*

*Id.* at 863 (emphasis added). Since findings are required even where the guidelines are followed, we must remand for appropriate findings.

We do not address the issue of consideration of private debt. The record indicates appellant did not furnish the required documentation and sworn statement of repayment. Minn.Stat. § 518.551, subd. 5(b) (1984). The record also shows some obligations scheduled either to be repaid or to come due since the trial court's order. Since circumstances are changing, documentation may be furnished, and the trial court in any event must consider appellant's "financial resources and needs,"

Minn.Stat. § 518.17, subd. 4(e) (1984), on remand, we need not address this issue.

## DECISION

The trial court erred in ordering a modification of child support without making findings on the statutory factors.

Reversed and remanded.